IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| YVONNE VILLALOBOS<br>    Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY<br>OF INDIANA AND JARED REYNOLDS,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:16-cv-00381 |

### SAFECO INSURANCE COMPANY OF INDIANA'S
### NOTICE OF REMOVAL

## TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Safeco Insurance Company of Indiana ("Safeco") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1.      On July 5, 2015, Yvonne Villalobos ("Plaintiff") filed her Original Petition ("Original Petition") styled Cause No. 2016DCV2519; *Yvonne Villalobos vs. Safeco Insurance Company of Indiana and Jared Reynolds;* In the 346th Judicial District Court, El Paso County, Texas. Safeco was served with citation on July 25, 2016.

### *Nature of the Suit*

2.      This lawsuit involves a dispute over Safeco's handling of Plaintiff's insurance claims for damages from a storm allegedly sustained by her residential property at 11941 Los Abobes Drive, El Paso, Texas 79927. Plaintiff claims Safeco breached the insurance contract

and the duty of good faith and fair dealing and violated the Texas Insurance Code and DTPA. Plaintiff seeks actual damages, compensatory damages, treble damages, statutory penalties, exemplary damages, court costs and attorney's fees.

### *Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. There is complete diversity of citizenship between the parties. At the time Plaintiff filed her Original Petition on July 5, 2015, and as of the date of filing this Notice, Safeco was and is a company organized under the laws of the State of Indiana with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. In addition, at the time the Plaintiff filed her Original Petition and as of the date of the filing of this Notice, Defendant Jared Reynolds ("Reynolds") was and is a citizen of the state of Colorado. Accordingly, at the time of filing of this suit, and through the filing of this Notice, Safeco and Reynolds were and are considered out-of-state citizens for diversity jurisdiction purposes.

5. Upon information and belief, Plaintiff was a citizen of Texas when she filed her Original Petition, and continues to be a citizen of Texas. (*See* Plaintiff's Original Petition, Part II, p. 1.)

6. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff plead in her Original Petition that she was seeking monetary relief of more than $100,000 but less than $200,000. (*See* Plaintiff's Original Petition, Part XIII, pp. 13-14.)

7. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees ... penalties, statutory damages, and punitive damages."[1] Here, Plaintiff claims that a storm caused damages to her property which was insured by Safeco.[2] Plaintiff seeks unspecified damages for Safeco's alleged refusal to fully compensate her under the terms of her insurance contract.[3] On the date of the loss at hand, Plaintiff was insured under Safeco Policy Number OY07337515, which is a Texas Homeowner's Policy with coverage limits of $221,600.00 for the dwelling, $22,160.00 for other structures, $132,960.00 for personal property, and $44,320.00 for additional living expenses.

8. Further, Plaintiff seeks actual, compensatory and exemplary damages and statutory penalties for violations of the duty of good faith and fair dealing, the Texas Insurance Code and DTPA.[4] Moreover, Plaintiff seeks treble damages under the Texas Insurance Code and DTPA based on allegations Safeco acted "knowingly."[5] Plaintiff also seeks attorney fees.[6] Thus, given Plaintiff's statement of the monetary relief she is seeking in this suit in her petition, the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

---

[1] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiff' case against her insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against her insurance company for actual and punitive damages arising from a claim they made for roof damages).
[2] Plaintiff's Original Petition, Part IV, p. 3.
[3] Plaintiff's Original Petition, Part VIII, pp. 10-11.
[4] *Id.*
[5] Plaintiff's Original Petition, Parts VII and VIII, pp. 10-11.
[6] *Id.*

3

## *The Removal is Procedurally Correct*

9. Safeco was first served with the Original Petition on July 25, 2016. Therefore, Safeco filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

10. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

11. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

12. Pursuant to 28 U.S.C. §1446(d), promptly after Safeco files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

13. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk of El Paso County, Texas, promptly after Safeco files this Notice.

WHEREFORE, SAFECO INSURANCE COMPANY OF INDIANA requests that this action be removed from the 346th Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

*David R. Stephens*

David R. Stephens
Attorney in Charge
State Bar No. 19146100
Lindow Stephens Treat LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com

*Counsel for Safeco Insurance Company of Indiana*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, El Paso Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 22nd day of **August, 2016**, addressed to those who do not receive notice from the Clerk of the Court.

Kevin S. Baker
Perry Dominguez
Ketterman Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232

*David R. Stephens*

David R. Stephens