**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **YVONNE VILLALOBOS** | § § § § | |
| v. | § | EP-16-CV-381-PRM |
| | § | |
| **SAFECO INSURANCE COMPANY OF INDIANA AND JARED REYNOLDS** | § § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Plaintiff, YVONNE VILLALOBOS, files this First Amended Complaint against SAFECO INSURANCE COMPANY OF INDIANA ("SAFECO" or the "INSURANCE DEFENDANT") and JARED REYNOLDS ("REYNOLDS" or "ADJUSTER DEFENDANT" or herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

**I.
PARTIES AND SERVICE**

1.1   Plaintiff reside in El Paso County, Texas.

1.2   Defendant SAFECO is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

1.3     This defendant has been served with personal process, by a process server, by serving its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701; and has filed an answer herein and removed this matter to the United States District Court for the Western District of Texas El Paso Division.

1.4     Defendant JARED REYNOLDS (hereinafter referred to as "REYNOLDS") is an individual resident in and domiciled in the State of Texas.  The defendant was served with process at 11208 Jordan Court, Parker, Colorado 80134.

## II.
## JURISDICTION AND VENUE

2.1     Venue is appropriate in the Western District of Texas District of Texas, El Paso Division because all or part of the conduct giving rise to the causes of action were committed in El Paso County, Texas and the Plaintiff and property which is the subject of this suit are located in El Paso County, Texas.

2.2     Accordingly, venue is proper pursuant to the Western District of Texas pursuant to 28 U.S.C. §1391(e)(2).

## III.
## FACTS

3.1     Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT and numbered OY07337515.

3.2     Plaintiff owns the insured property, which is specifically located at 11941 Los Abobes

1

Drive, Socorro, Texas 79927 (hereinafter referred to as "the Property").

3.3     INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

3.4     On or around October 1, 2015, and during the terms of said Policy, Plaintiff sustained a covered loss in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy.  Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy and caused by a covered peril.  INSURANCE DEFENDANT opened claim number 235774416034, but failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

3.5     As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

3.6     To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property, causing Plaintiff to endure consequential damages from the original covered damages which should have been paid.

3.7     INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of his Policy for covered losses.  Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its' agent, representative, and/or adjusting company, including, but not limited to Jared Reynolds conducted an outcome-oriented investigation claiming the hail from the reported storm did not result in any damage to the main house roof, den, office/utility, shed, and stables. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on January 22, 2016, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER

DEFENDANT did not conduct a thorough investigation of the claim.

3.8     Defendant further claimed that the breaches in the home were not damaged as a result of a covered peril.  This outcome oriented investigation yielded just that, outcomes favorable to Defendant, even though due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff.  INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

3.9     Pleading further, INSURANCE DEFENDANT's misrepresented to Plaintiff that the damage to the Property sustained by Plaintiff was not covered under the Policy, as stated above, even though the damage was caused by a covered storm occurrence.  Furthermore, INSURANCE DEFENDANT failed to give proper written notice that damage was excluded under the policy.  INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

3.10    INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy.  INSURANCE DEFENDANT attempted to persuade Plaintiff to comply with a "dispute resolution process," which limited Plaintiff's right to contest INSURANCE DEFENDANT'S failure to pay covered damages according to the policy.  Its' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

3.11    INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made.  Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would

be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

3.12    INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning a fair and unbiased investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

3.13    Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

3.14    INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for their claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

3.15    From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty

of good faith and fair dealing.

3.16   Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

3.17   Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## IV.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A.   BREACH OF CONTRACT

4.1   INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1.   UNFAIR SETTLEMENT PRACTICES

4.2   INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

4.3   INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

4.4     INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

4.5     INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2.     THE PROMPT PAYMENT OF CLAIMS

4.6     INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

4.7     INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

4.8     INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

4.9     INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the

6

amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**C.     BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

5.1     INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

5.2     INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**V.
CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT**

**A.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE**

6.1     Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, REYNOLDS, the ADJUSTER DEFENDANT, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and his agents constitute one or more violations of the Texas Insurance Code. More specifically, the ADJUSTER DEFENDANT has, among other violations, violated the following provisions of the Code:

1. Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become

7

reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

6.2     The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to JARED REYNOLDS who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

6.3     ADJUSTER DEFENDANT inspected Plaintiff's property on or about January 21, 2016. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property.  During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss.  Specifically, Reynolds, ignored covered damages including but not limited to the roof, den, office/utility, shed, and stables.  Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about January 22, 2016 concluding no covered damages were observed, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.

6.4     Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

6.5     The Plaintiff provided information regarding the loss and the claim to the ADJUSTER DEFENDANT.  The Plaintiff allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss.  As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

6.6     The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

6.7     Where statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them.  As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages.  Moreover, one or more of the

foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VI.
## KNOWLEDGE

7.1   Each of the acts described above, together and singularly, was done "knowingly" by INSURANCE DEFENDANT through their agents and/or representatives as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VII.
## DAMAGES

8.1   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

8.2   As previously mentioned, the damages caused by the covered loss have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of INSURANCE DEFENDANT AND/OR ADJUSTING COMPANY AND/OR ADJUSTER DEFENDANT'S mishandling of Plaintiff's claim in violation of the laws set forth above.

8.3   For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

8.4   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. Tex. Ins. Code §541.152.

8.5   For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per

10

annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

8.6     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

8.7     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

8.8     Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum which is under $200,000.00.  The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## VIII.

9.1     In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANT and ADJUSTER DEFENDANT Plaintiff would show that:

9.2     The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

9.3     In the alternative, any other construction of the language of the policy is void as against public policy;

9.4     Any other construction and its use by the INSURANCE Defendant violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

9.5     Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

9.6     In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

9.7     In the alternative, INSURANCE Defendant is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

9.8     In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## IX.
## CONCLUSION

10.1    In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANT AND/OR ADJUSTING COMPANY AND/OR ADJUSTER DEFENDANT, Plaintiff would show that:

10.2    The clear and unambiguous language of the policy provides coverage for damage caused by loss made the basis of Plaintiff's claim, including the cost of access to fix the damages;

10.3    In the alternative, any other construction of the language of the policy is void as against public policy;

10.4    Any other construction and its use by the INSURANCE DEFENDANT and ADJUSTER DEFENDANT violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

10.5     Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

10.6     Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

10.7     In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

10.8     In the alternative, INSURANCE DEFENDANT are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

10.9     In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## DEMAND FOR JURY

11.1     Plaintiff demands a jury trial and has previously tendered the appropriate fee.

## PRAYER

12.1     WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that INSURANCE DEFENDANT, be cited to appear and answer herein; that, on final hearing, Plaintiff has judgment against INSURANCE DEFENDANT, ADJUSTING COMPANY AND ADJUSTER DEFENDANT for an amount, deemed to be just and fair by the jury, which may be under $200,0000.00, exclusive of interest and costs; for costs of suit; for pre-judgment and post-judgment interest; and, for such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND

BY:  /s/ Kevin S. Baker

    Kevin S. Baker
    Federal Bar No. 306997
    State Bar No. 00797799
    16500 San Pedro, Suite 302
    San Antonio, Texas  78232
    Telephone:     (210) 490-7402
    Telefacsimile:  (210) 490-8372

ATTORNEY-IN-CHARGE FOR PLAINTIFF

**Co-Counsel**:

BY:            /s/ Connie J. Flores

    Connie J. Flores
    Flores, Tawney & Acosta, PC
    801 Myrtle, Suite 105
    El Paso, Texas 79901
    cflores@ftalawfirm.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above and foregoing Plaintiff's First Amended Complaint has been served in compliance with the Federal Rules of Civil Procedure via electronic service on the CM/ECF system which will automatically serve a Notice of Electronic Filing to:

Mr. David R. Stephens
OF COUNSEL:
LINDOW STEPHENS TREAT, LLP
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 – Telephone
(210) 227-4602 – Facsimile
dstephens@lstlaw.com

ATTORNEY FOR DEFENDANT
SAFECO INSURANCE COMPANY OF INDIANA

on this the 5th day of October 2016

                                                /s/ Kevin S. Baker
                                      KEVIN S. BAKER